IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BAYER INTELLECTUAL PROPERTY GMBH, BAYER PHARMA AG, and JANSSEN PHARMACEUTICALS, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. _____ |
| MICRO LABS LTD., MICRO LABS USA INC., | ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT

Plaintiffs Bayer Intellectual Property GmbH ("BIP"), Bayer Pharma AG ("Bayer Pharma") (Bayer Pharma and BIP are collectively referred to herein as "Bayer"), and Janssen Pharmaceuticals, Inc. ("Janssen") (Bayer and Janssen are collectively referred to herein as "Plaintiffs"), by their attorneys, for their Complaint, hereby allege as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, that arises out of the filing by Micro Labs Ltd. and Micro Labs USA Inc. of an Abbreviated New Drug Application ("ANDA") with the U.S. Food and Drug Administration ("FDA") seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of generic versions of Plaintiffs' XARELTO® products prior to the expiration of, *inter alia*, U.S. Patent Nos. 7,585,860 and 7,592,339.

## THE PARTIES

### Plaintiffs

2.      Plaintiff Bayer Intellectual Property GmbH is a corporation organized and existing under the laws of the Federal Republic of Germany, with a place of business at Alfred-Nobel-Strasse 10, 40789 Monheim am Rhein, Germany.

3.      Plaintiff Bayer Pharma AG is a corporation organized and existing under the laws of the Federal Republic of Germany, with a place of business at Müllerstrasse 178, 13353 Berlin, Germany.

4.      Plaintiff Janssen Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a place of business at 1125 Trenton-Harbourton Road, Titusville, New Jersey.

### Micro Labs

5.      On information and belief, Defendant Micro Labs Ltd. is a corporation organized and existing under the laws of India, with a place of business at 27 Race Course Road, Bangalore 560 001, India.

6.      On information and belief, Defendant Micro Labs USA Inc. is a corporation organized and existing under the laws of the State of New Jersey, with a place of business at 104 Carnegie Ctr., Suite 216, Princeton, New Jersey.

7.      On information and belief, Defendant Micro Labs USA Inc. is a wholly-owned subsidiary of Micro Labs Ltd., and is controlled and dominated by Micro Labs Ltd.

8.      On information and belief, Micro Labs Ltd. is in the business of, among other things, manufacturing, marketing, distributing, offering for sale, and selling generic drug products.  As a part of this business, on information and belief, Micro Labs Ltd., acting in

2

concert with Micro Labs USA Inc., files ANDAs with the FDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of generic versions of drug products that are covered by United States patents. On information and belief, as part of these ANDAs, Micro Labs Ltd., acting in concert with Micro Labs USA Inc., files Paragraph IV Certifications to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of generic drug products prior to the expiration of United States patents that cover such products.

9.     On information and belief, and consistent with their practice with respect to other generic products, Micro Labs Ltd. and Micro Labs USA Inc. acted in concert to prepare and submit ANDA No. 208334 for Micro Labs Ltd.'s 10 mg, 15 mg, and 20 mg rivaroxaban tablets ("Micro Labs' ANDA Products"), which was done at the direction of, under the control of, and for the direct benefit of Micro Labs Ltd.

10.     On information and belief, Micro Labs Ltd. and Micro Labs USA Inc. are agents of each other, and/or operate in concert as integrated parts of the same business group, and enter into agreements with each other that are nearer than arm's length, including with respect to the development, regulatory approval, marketing, sale, offer for sale, and distribution of generic pharmaceutical products throughout the United States, including into Delaware, and including with respect to the infringing Micro Labs' ANDA Products at issue.

11.     On information and belief, following any FDA approval of ANDA No. 208334, Micro Labs Ltd. and Micro Labs USA Inc. will act in concert to market, distribute, offer for sale, and sell Micro Labs' ANDA Products throughout the United States and within Delaware. These two entities are hereafter collectively referred to as "Micro Labs."

12.     On information and belief, following any FDA approval of ANDA No. 208334, Micro Labs knows and intends that its ANDA Products will be marketed, used, distributed, offered for sale, and sold in the United States and within Delaware.

## JURISDICTION

13.     Plaintiffs incorporate each of the preceding paragraphs as if each fully set forth herein.

14.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

15.     Micro Labs Ltd. and Micro Labs USA Inc., through their counsel, have represented that they will not contest personal jurisdiction in Delaware for purposes of this case.

16.     In addition, this Court has personal jurisdiction over Micro Labs Ltd. and Micro Labs USA Inc. because, among other things, on information and belief:  (a) Micro Labs Ltd., acting in concert with Micro Labs USA Inc., has filed an ANDA for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Micro Labs' ANDA Products in the United States, including in Delaware; and (b) Micro Labs Ltd. and Micro Labs USA Inc., acting in concert and/or as agents of one another, will market, distribute, offer for sale, and/or sell Micro Labs' ANDA Products in the United States, including in Delaware, upon approval of ANDA No. 208334, and will derive substantial revenue from the use or consumption of Micro Labs' ANDA Products in the State of Delaware.  On information and belief, if ANDA No. 208334 is approved, the generic Micro Labs products charged with infringing the '860 and '339 patents would, among other things, be marketed, distributed, offered for sale, and/or sold in Delaware, prescribed by physicians practicing in Delaware, and dispensed

by pharmacies located within Delaware, and/or used by patients in Delaware, all of which would have a substantial effect on Delaware.

17.     Micro Labs Ltd. and Micro Labs USA Inc. have consented to jurisdiction in Delaware in one or more prior cases arising out of the filing of their ANDAs, and they have filed counterclaims in such cases.

18.     Alternatively, if Micro Labs Ltd.'s connections with Delaware are found to be insufficient to confer personal jurisdiction, then, upon information and belief, Micro Labs Ltd. is not subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction over Micro Labs Ltd. in Delaware is consistent with the United States Constitution and laws. *See* Fed. R. Civ. P. 4(k)(2).

## VENUE

19.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL BACKGROUND

20.     XARELTO® (active ingredient rivaroxaban) is a factor Xa inhibitor indicated:  (i) to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation; (ii) for the treatment of deep vein thrombosis (DVT), pulmonary embolism (PE), and for the reduction in the risk of recurrence of DVT and of PE; and (iii) for the prophylaxis of DVT, which may lead to PE in patients undergoing knee or hip replacement surgery.  XARELTO® is available as tablets in 10 mg, 15 mg, and 20 mg dosage strengths.

21.     Janssen is the holder of New Drug Application No. 022406 for XARELTO®, which has been approved by the FDA.

## The '860 Patent

22.     United States Patent No. 7,585,860 ("the '860 patent"), entitled "Substituted Oxazolidinones and Their Use in the Field of Blood Coagulation", was duly and legally issued on September 8, 2009.  The '860 patent is attached as Exhibit A.

23.     As set forth in greater detail in the '860 patent, the claims of the '860 patent, incorporated by reference herein, cover the compound rivaroxaban and hydrates of rivaroxaban.

24.     BIP is the assignee of the '860 patent.

25.     Bayer Pharma is an exclusive licensee under the '860 patent.

26.     Janssen is an exclusive sublicensee licensee under the '860 patent.

27.     Pursuant to 21 U.S.C. § 355, the '860 patent is listed in the Approved Drug Products with Therapeutic Equivalence Evaluations ("the Orange Book") in connection with XARELTO®.

## The '339 Patent

28.     United States Patent No. 7,592,339 ("the '339 patent"), entitled "Substituted Oxazolidinones and Their Use in the Field of Blood Coagulation," was duly and legally issued on September 22, 2009.  The '339 patent is attached as Exhibit B.

29.     As set forth in greater detail in the '339 patent, the claims of the '339 patent, incorporated by reference herein, cover methods of using rivaroxaban.

30.     BIP is the assignee of the '339 patent.

31.     Bayer Pharma is an exclusive licensee under the '339 patent.

32.     Janssen is an exclusive sublicensee under the '339 patent.

33.     Pursuant to 21 U.S.C. § 355, the '339 patent is listed in the Orange Book in connection with XARELTO®.

### Infringement by Micro Labs

34.     By letters dated March 21, 2016, and March 25, 2016 (the "Notice Letters"), Micro Labs notified BIP and Janssen, among others, that Micro Labs had submitted to the FDA ANDA No. 208334 for Micro Labs' ANDA Products.  These products are generic versions of XARELTO®.

35.     In the Notice Letters, Micro Labs stated that Micro Labs' ANDA Products contain rivaroxaban.

36.     In the Notice Letters, Micro Labs stated that the dosage form of Micro Labs' ANDA Products is tablets.

37.     On information and belief, the proposed labeling for Micro Labs' ANDA Products directs the use of Micro Labs' ANDA Products for one or more of the following indications:  (i) to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation; (ii) for the treatment of deep vein thrombosis (DVT), pulmonary embolism (PE), and for the reduction in the risk of recurrence of DVT and of PE; and (iii) for the prophylaxis of DVT, which may lead to PE in patients undergoing knee or hip replacement surgery.

38.     On information and belief, the manufacture, use (including in accordance with and as directed by Micro Labs' proposed labeling for Micro Labs' ANDA Products), offer for sale, sale, marketing, distribution, and/or importation of Micro Labs' ANDA Products will infringe at least claim 1 of the '860 patent and/or at least claim 10 of the '339 patent.

39. In the Notice Letters, Micro Labs indicated that, in connection with its ANDA No. 208334, Micro Labs had filed Paragraph IV Certifications with respect to each of the '860 and '339 patents.

40. The purpose of ANDA No. 208334 was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of Micro Labs' ANDA Products with their proposed labeling prior to the expiration of, *inter alia*, the '860 and '339 patents.

41. Micro Labs intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Micro Labs' ANDA Products with their proposed labeling immediately and imminently upon approval of ANDA No. 208334, *i.e.*, prior to the expiration of the '860 and '339 patents.

42. Micro Labs has knowledge of the claims of the '860 and '339 patents. Notwithstanding this knowledge, Micro Labs has continued to assert its intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Micro Labs' ANDA Products with their proposed labeling immediately and imminently upon approval of ANDA No. 208334. On information and belief, by such activities, Micro Labs specifically intends infringement of the '860 and '339 patents.

43. On information and belief, Micro Labs plans and intends to, and will, actively induce infringement of the '860 and '339 patents when its ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.

44. On information and belief, Micro Labs knows that Micro Labs' ANDA Products are especially made or adapted for use in infringing the '339 patent, and that Micro Labs' ANDA Products are not suitable for substantial noninfringing use. On information and

belief, Micro Labs plans and intends to, and will, contribute to infringement of the '339 patent immediately and imminently upon approval of ANDA No. 208334.

45.     The foregoing actions by Micro Labs constitute and/or will constitute infringement of the '860 and '339 patents, active inducement of infringement of the '860 and '339 patents, and/or contribution to the infringement by others of the '339 patent.

46.     An actual case or controversy exists between Plaintiffs and Micro Labs with respect to infringement of the '860 and '339 patents.

47.     This action is being commenced before the expiration of forty-five days from the date BIP and Janssen received the Notice Letters.

## COUNT I
### (Infringement of the '860 Patent)

48.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

49.     Micro Labs' submission of ANDA No. 208334 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Micro Labs' ANDA Products was an act of infringement of the '860 patent under 35 U.S.C. § 271(e)(2).

50.     On information and belief, Micro Labs has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import Micro Labs' ANDA Products with their proposed labeling prior to the expiration of the '860 patent.

51.     Micro Labs intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Micro Labs' ANDA Products with their proposed

labeling immediately and imminently upon approval of ANDA No. 208334, *i.e.*, prior to the expiration of the '860 patent.

52.     The foregoing actions by Micro Labs constitute and/or will constitute infringement of the '860 patent and/or active inducement of infringement of the '860 patent.

53.     Unless Micro Labs is enjoined from infringing the '860 patent and actively inducing infringement of the '860 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

## COUNT II
### (Infringement of the '339 Patent)

54.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

55.     Micro Labs' submission of ANDA No. 208334 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Micro Labs' ANDA Products was an act of infringement of the '339 patent under 35 U.S.C. § 271(e)(2).

56.     On information and belief, Micro Labs has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import Micro Labs' ANDA Products with their proposed labeling prior to the expiration of the '339 patent.

57.     Micro Labs intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Micro Labs' ANDA Products with their proposed labeling immediately and imminently upon approval of ANDA No. 208334, *i.e.*, prior to the expiration of the '339 patent.

58.     The foregoing actions by Micro Labs constitute and/or will constitute infringement of the '339 patent, active inducement of infringement of the '339 patent, and/or contribution to the infringement by others of the '339 patent.

59.     Unless Micro Labs is enjoined from infringing the '339 patent, actively inducing infringement of the '339 patent, and contributing to the infringement by others of the '339 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs request the following relief:

(a)     A judgment that Micro Labs has infringed the '860 patent;

(b)     A judgment that Micro Labs has infringed the '339 patent;

(c)     A judgment ordering that the effective date of any FDA approval for Micro Labs to make, use, offer for sale, sell, market, distribute, or import Micro Labs' ANDA Products, or any product or compound which infringes or the use of which infringes the '860 patent, be no earlier than the expiration date of the '860 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(d)     A judgment ordering that the effective date of any FDA approval for Micro Labs to make, use, offer for sale, sell, market, distribute, or import Micro Labs' ANDA Products, or any product or compound the use of which infringes the '339 patent, be no earlier than the expiration date of the '339 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(e)     A preliminary and permanent injunction enjoining Micro Labs, and all persons acting in concert with Micro Labs, from making, using, selling, offering for sale, marketing, distributing, or importing Micro Labs' ANDA Products, or any product or compound that infringes or the use of which infringes the '860 patent, or the inducement of any of the

11

foregoing, prior to the expiration date of the '860 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

        (f)    A preliminary and permanent injunction enjoining Micro Labs, and all persons acting in concert with Micro Labs, from making, using, selling, offering for sale, marketing, distributing, or importing Micro Labs' ANDA Products, or any product or compound the use of which infringes the '339 patent, or the inducement of or the contribution to any of the foregoing, prior to the expiration date of the '339 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

        (g)    A declaration that this is an exceptional case and an award of attorneys' fees for Plaintiffs pursuant to 35 U.S.C. § 285;

        (h)    An award of Plaintiffs' costs and expenses in this action; and

        (i)    Such further and other relief as this Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
Rodger D. Smith (#3778)
Derek J. Fahnestock (#4705)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com
dfahnestock@mnat.com

*Attorneys for Plaintiffs Bayer Intellectual Property GmbH, Bayer Pharma AG, and Janssen Pharmaceuticals, Inc.*

OF COUNSEL:

Bruce R. Genderson
Adam L. Perlman
Dov P. Grossman
Steven M. Pyser
Alexander S. Zolan
Martha C. Kidd
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC 20005
(202) 434-5000

*Attorneys for Plaintiffs Bayer Intellectual Property GmbH and Bayer Pharma AG*

David T. Pritikin
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
(312) 853-7000

Bindu Donovan
S. Isaac Olson
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
(212) 839-5300

*Attorneys for Plaintiff Janssen
Pharmaceuticals, Inc.*

April 8, 2016